8287

## LONG v. WESTERN UNION TELEGRAPH CO.

TELEGRAPH COMPANIES—PLEADINGS.—Where one living beyond free delivery limits sends a message to another also living beyond free delivery limits of terminal office, it is not negligence in carrier not to deliver service message asking for prepayment or guarantee of charges for delivery beyond free delivery limits in absence of express or implied contract to deliver such service message.

In suit by sender alleging negligence in not delivering the message, this defense may be proved under general denial.

Before ERNEST MOORE, Special Judge, Lancaster, October term, 1910.   Affirmed.

Action by W. J. Long against Western Union Telegraph Co.   Plaintiff appeals.

*Mr. J. Harry Foster,* for appellant, cites: *The defense of no duty to deliver service message should have been pleaded:* 13 L. R. A. (N. S.) 445; Thomp. on Neg., sec. 2506; 46 L. R. A. 238; 70 S. C. 211; 75 S. C. 68; 73 S. C. 503; 84 S. C. 117.   *There was a waiver of the right to demand pay for delivery beyond the delivery limits:* 27 Ency. 1040; 74 Am. St. R. 394; Jones on Tel. Cos., sec. 298; 86 Am. St. R. 852; 78 Id. 658; Thomp. on Neg., sec. 2445; 15 Am. St. R. 688; Joyce on Elec. Law., secs. 769, 770; 34 L. R. A. 434; 54 Am. St. R. 515; Jones on Tel. Cos., secs. 298, 297; 56 S. W. 609; 78 Am. St. R. 662, 670; 77 S. C. 181; 47 S. E. R. 607; 74 S. C. 204, 305; 27 Ency. 1029; 78 Am. St. R. 658; 54 Am. St. R. 515.

*Messrs. Geo. H. Fearons, Williams & Williams* and *Nelson, Nelson & Gettys,* contra.

*Messrs. Nelson, Nelson & Gettys* cite: *There was no breach of duty at terminal office:* 74 S. C. 301; 48 S. C. 653.   *No duty devolves on carrier to notify sender beyond*

*free delivery limits of nondelivery of message:* 78 Am. St. Ry. 668, 658; 74 S. C. 497; 75 S. C. 57; 84 S. C. 155.

August 7, 1912. The opinion of the Court was delivered by

Mr. Justice Hydrick. This is an action for damages for the alleged negligent delay in delivering a telegram. On April 23, 1909, the plaintiff's son-in-law, who lived at a cotton mill near Clinton, but outside the defendant's free delivery limits at Clinton, sent a message addressed to plaintiff at Lancaster, announcing the death of plaintiff's daughter. The message was phoned to the Clinton office from the cotton mill office, and promptly transmitted to Lancaster.

Upon receiving the message, defendant's agent at Lancaster, after inquiry, ascertained that plaintiff did not live at the cotton mill in whose care it was addressed, but that he lived at Elgin, about five miles beyond defendant's free delivery limits at Lancaster. Thereupon, he sent a service message to the Clinton office, stating these facts, and that the message was undelivered, and that he was trying to deliver it by phone, but that it was too stormy. The Clinton office tried to phone the service message to the office of the cotton mill from which the original message came, but the office had either closed for the day or there was some wire trouble which prevented the communication being made. The testimony is that defendant does not deliver telegrams at this cotton mill, except by phone.

The Lancaster agent succeeded in getting the message to plaintiff by phone on the morning of the 24th, and he also sent a copy of it by a person whom he found going to Elgin.

The sole question presented by the appeal is whether defendant is liable because it failed to deliver the service message, sent to the Clinton office, beyond its free delivery limits, so that the sender might have had an opportunity to pay or guarantee payment, as the defendant might require,

of the charges for delivering the message to plaintiff beyond the free delivery limits at Lancaster.

The plaintiff contends that defendant knew that the sender lived beyond the free delivery limits of the initial office, and that, when it accepted the message, with knowledge of that fact, and without requiring the sender to pay or guarantee payment of the expense of delivering any service message sent in connection with the original message beyond its free delivery limits, it was bound to deliver any such message. This contention cannot be sustained. The sender also knew or should have known that he lived beyond the defendant's free delivery limits, and if he had wanted any service message delivered to him, it was his duty and business to make the necessary arrangements with defendant's agent to have it done. In the absence of any agreement, express or implied, to do so, the defendant was not bound to send the service message beyond its free delivery limits. The purpose of doing so would have been to give the sender the information contained in it, in order that he might pay or guarantee payment of the extra charge for delivering beyond the free delivery limits at the terminal office. The sender might have refused to do this, and he would have been under no obligation to pay defendant the expense of delivering the service message to him. In the absence of a contract, express or implied, defendant was not bound to take the risk that the sender would pay for delivering the service message to him.

We notice next plaintiff's contention that defendant cannot avail itself of this defense, because it was not pleaded. The plaintiff charged negligence in the failure to deliver the original message to him, not in failing to deliver the service message to the sender. The defendant denied the negligence alleged, and, under that denial, was entitled to introduce any evidence tending to disprove the charge. The fact that the sender lived beyond the free delivery limits, and,

therefore, could not be reached by the service message, went to disprove the charge of negligence alleged.

There is no evidence of waiver of the defendant's rules as to delivery of messages beyond the free delivery limits at the sending office, and, therefore, no error in the charge that defendant was not bound to deliver the service message beyond those limits.

Affirmed.